## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **RECARDO WEATHERSPOON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 07-495-*** |
| | ) | |
| **ELIZABETH BURRIS,** Acting Warden | ) | |
| and **JOSEPH R. BIDEN III,** Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents.[1] | ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On June 14, 2000, Recardo Weatherspoon pled guilty to one count of possession with intent to deliver cocaine and two counts of second degree conspiracy. *See* Docket Item 22 in Superior Court Criminal Action 0001003156 (hereinafter "Dkt. Item __"). He was subsequently declared an habitual offender and sentenced to thirteen years at level 5 for the drug conviction and to a term of two years at level 5, suspended for 2 years at level 3, for each of the conspiracy convictions. *See* Dkt. Item 22. Weatherspoon did not appeal his convictions or sentences to the Delaware Supreme Court.

On March 5, 2002, Weatherspoon filed a motion for postconviction relief in Delaware Superior Court. *See* Dkt. Item 45. He moved to amend his motion on March 15, 2002; the Superior Court granted the motion on March 20, 2002. *See* Dkt. Items 46, 47. On March 5,

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Attorney General Joseph R. Biden, III, assumed office on January 2, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. Elizabeth Burris was named Acting Warden, effective September 1, 2007.

2002, Weatherspoon moved to withdraw his motion for postconviction relief when the Superior

Court judge denied Weatherspoon's request for an extension to file his amendment. *See* Dkt.

Items 50. The court granted the request on March 16, 2002. *See* Dkt. Item 51. Weatherspoon

then filed another motion for postconviction relief on August 13, 2002. *See* Dkt. Item 53. The

Superior Court judge denied the motion on September 30, 2002. *See* Dkt. Item 54.

Weatherspoon timely appealed, and the Delaware Supreme Court affirmed the order denying

Weatherspoon's motion for postconviction relief. *See Weatherspoon v. State*, 2003 Del. LEXIS

101 (Del. Feb. 28, 2003).

Weatherspoon next filed a motion for modification of his sentence on August 12, 2003.

*See* Dkt. Item 73. The Superior Court denied the motion on August 15, 2003. *See* Dkt. Item 74.

Weatherspoon appealed that order and the Delaware Supreme Court affirmed. *See*

*Weatherspoon v. State*, 2004 Del. LEXIS 131 (Del. Mar. 14, 2004). Two years later,

Weatherspoon moved to correct his sentence on May 15, 2006. *See* Dkt. Item 87. The Superior

Court denied that motion on May 31, 2006. *See* Dkt. Item 88. The Delaware Supreme Court

affirmed that denial on October 17, 2006. *See Weatherspoon v. State*, 2006 Del. LEXIS 543

(Del. Oct. 17, 2006). Weatherspoon returned to Superior Court again and filed another motion

for postconviction relief. *See* Dkt. Item 97. The Superior Court denied the motion on January

26, 2007. *See* Dkt. Item 98. The Delaware Supreme Court affirmed that order. *See*

*Weatherspoon v. State*, 2007 Del. LEXIS 320 (Del. July 20, 2007). Weatherspoon then filed the

instant for federal habeas relief on August 8, 2007; this is respondents' answer.

<u>Discussion</u>

In his petition, Weatherspoon raises four claims of error in the state court proceedings

leading to his convictions for possession with intent to deliver cocaine and two counts of second

degree conspiracy. Specifically, Weatherspoon alleges that counsel was ineffective, *see* D.I. 2 at 6;[2] that the prosecutor used "false evidence and testimony to obtain indictment and convictions" and to pressure Weatherspoon into pleading guilty, *see* D.I. 2 at 8; the trial court should have granted Weatherspoon's motion to dismiss his attorney, *see* D.I. 2 at 9; the trial court improperly sentenced Weatherspoon as an habitual offender, *see* D.I. 2 at 11. Weatherspoon has exhausted state court remedies by presenting these claims to the Delaware Supreme Court in the appeals from the denials of his motions for postconviction relief.

Despite having exhausted state court remedies, Weatherspoon is not entitled to federal habeas relief because his petition is untimely under 28 U.S.C. § 2244(d). Weatherspoon's petition was filed on August 8, 2007,[3] subjecting it to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). By the terms of § 2244(d)(1), as amended by AEDPA, a federal habeas

---

[2] Included in his claim of ineffective assistance of counsel, Weatherspoon charges that

> 1) counsel pressured petitioner into signing plea agreement by using false evidence and testimony of State's witnesses; 2) Counsel failed to investigate legality of state's evidence and the legality of state's witnesses; 3) Counsel failed to represent petitioner to counsel's fullest obligations and counsel did not fully explain full consequences of petitioner accepting plea; 4) Counsel did not pursue petitioner's innocence; and 5) Counsel's ignorance of the governing law caused counsel to fail to render inadmissible the lone evidence relied upon to support the petitioner's habitual offender status.

(D.I. 2 at 6).

[3] The petition is dated August 8, 2007. D.I. 2, at 16. That is the presumptive date on which Weatherspoon gave the petition to prison officials for mailing. In turn, that date is the date the petition is deemed filed. *See, e.g., Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002).

petitioner must file the petition within one year of the date on which the state court judgment became final upon the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998).[4] Weatherspoon pled guilty on June 14, 2000 and was immediately sentenced. Under Delaware Supreme Court Rule 6, the period during which Weatherspoon could have appealed his conviction and sentence expired on July 14, 2000. Weatherspoon, therefore, had until July 14, 2001 to file his petition for federal habeas relief without running afoul of the one year limitations period of § 2244(d)(1). *See Satterfield v. Johnson*, 434 F.3d 185, 191 (3d Cir. 2006); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). However, Weatherspoon did not file his petition until August 8, 2007, more than six years beyond the July 14, 2001 deadline. Accordingly, the petition is untimely and must be dismissed unless the intervening time can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

The tolling mechanism of § 224(d)(1) does not save Weatherspoon's petition from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). When applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. Although Weatherspoon did ultimately file a motion for postconviction relief in state court, he did not do so until March 5, 2002. *See* Dkt. Item 45. By that time, the one-year deadline for filing the federal habeas petition passed by 264 days. Weatherspoon's postconviction filing did not reset or revive the limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Woods*, 215 F. Supp.2d at 462 (citing cases); *Spencer v. Snyder*, 2002 U.S. Dist. LEXIS 14754, *5-6 (D. Del. July 24, 2002) (citing cases).

---

[4] Weatherspoon does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable.

4

Accordingly, there is no basis for Weatherspoon's petition to be saved by the statutory tolling provisions.

Furthermore, while this Court has noted that the limitations period may be subject to equitable tolling, *see, e.g., Thomas v. Snyder*, 2001 U.S. Dist. LEXIS 19969, at *10-11 (D. Del. Nov. 28, 2001) (describing rule), Weatherspoon's petition presents no justification for doing so. Equitable tolling saves an untimely petition only when the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). To this end, equitable tolling has been "specifically limited" to three situations: "(1) where the defendant (or the court) actively misled the plaintiff; (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or (3) where the plaintiff asserted his rights mistakenly in the wrong forum." *Bacon v. Carroll*, 2007 U.S. Dist. LEXIS 68877 (D. Del. Sept. 17, 2007) (*quoting Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)).

In an attempt to show that his petition should be salvaged by the doctrine of equitable tolling, Weatherspoon argues that

> The one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [the] petition. Due to ineffective assistance of counsel, petitioner was unable to raise these claims during direct appeal. More so, counsel gave no advice at all about the AEDPA statute of limitations. Advice about the AEDPA's time requirements is so fundamental and so intimately linked to proceedings on direct appeal, that failure to advice petitioner at all about the AEDPA amounts to appellate ineffective assistance of counsel, which is covered by the 6th Amendment.

D.I. 2 at 14-15. Accordingly, as Weatherspoon would have it, counsel's ineffectiveness should equitably toll the limitations period. The Third Circuit, as observed by this Court, has specifically noted "that an attorney's ineffective assistance may warrant equitable tolling, but

only if the attorney's conduct is sufficient egregious and the petitioner exercised reasonable

diligence in pursuing his claims." *Bacon*, 2007 U.S. Dist. LEXIS 68877, at *9 (*citing Schlueter*

*v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004)) (emphasis added). To this end, an attorney's

malfeasance by itself is insufficient to justify equitable tolling; a petitioner still bears the burden

of demonstrating reasonable diligence in pursuing his federal habeas claims. *See Bacon*, 2007

U.S. Dist. LEXIS 68877, at *9-11. Here, Weatherspoon's allegation of counsel's ineffectiveness

provides him no relief. As an initial matter, Weatherspoon does not allege malfeasance by his

counsel; rather, he focuses solely on counsel's *nonfeasance*, i.e., failure to inform Weatherspoon

of AEDPA's time requirement. Moreover, there is no merit to Weatherspoon's underlying claim.

In *Hunt v. Blair*, the petitioner argued that his petition should be equitably tolled because the

petitioner's attorney "failed to tell [petitioner] that he could also file a federal habeas petition and

that he must do so within one year of his conviction." 2007 U.S. Dist. LEXIS 48833, *16 (D.

Haw. July 5, 2007). The court rejected the argument:

> Hunt has no legal right to counsel to file a federal habeas petition.
> "[T]he right to appointed counsel extends to the first appeal of
> right, and no further." Where there is no constitutional right to
> counsel, there can be no constitutional claim for ineffective
> assistance of counsel. It follows from this, that there is no
> constitutionally deficient assistance of counsel for Hunt's attorney's
> failure to inform him, at the conclusion of direct appeal, that he
> may file a federal habeas petition and that he must do so within
> one year.

*Id.* at *16-17 (*quoting Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Knaubert v. Goldsmith*,

791 F.2d 722, 728 (9th Cir. 1986) *and citing See Coleman v. Thompson*, 501 U.S. 722, 757

(1991); *Bonin v. Calderon*, 77 F.3d 1155, 1159-60 (9th Cir. 1996) (claim of ineffective

assistance of counsel in state habeas proceedings does not present violation of Sixth Amendment

right to counsel or Fourteenth Amendment right to due process where no constitutional right to

6

counsel in such proceedings)).  The court also noted that there was nothing demonstrating that

Hunt's attorney "agreed to assist [Hunt] with preparing and/or filing either a state post-conviction

challenge or federal habeas corpus petition."  *See Hunt*, 2007 U.S. Dist. LEXIS 48833, at *17.

The court also rejected petitioner's argument that his own ignorance of the one-year statutory

period offered another reason for equitably tolling the untimely petition.  *Id.* at *18 (citation

omitted).

As in *Hunt*, Weatherspoon's claim that counsel's alleged failure to inform Weatherspoon

about the statutory period does not afford any basis for equitable tolling.  There is nothing to

demonstrate that counsel had agreed to assist Weatherspoon in any state or federal

postconviction proceedings.  Furthermore, "equitable tolling is simply not available where an

untimely filing allegedly was caused by poor legal advice."  *Hunt*, 2007 U.S. Dist. LEXIS 48833,

at *17-18.  In any event, Weatherspoon cannot demonstrate the reasonable diligence necessary to

allow his claim to be equitably tolled.  Indeed, by the time Weatherspoon eventually filed his

petition in this Court, 1,787 days had passed *since* the June 14, 2001 deadline to file the petition.[5]

Given Weatherspoon's fits-and-starts approach to this state postconviction litigation, he can

hardly deemed to have been reasonably diligent in pursuing his federal petition.  Moreover,

despite his numerous state court filings, no amount of Weatherspoon's complaints about

_____

[5] 264 days had passed from the time that Weatherspoon first filed his motion for postconviction
relief in Superior Court.  An additional 88 days passed after Weatherspoon withdrew that
motion, *see* Dkt. Item 51, until the time that Weatherspoon had filed another motion for
postconviction relief.  *See* Dkt. Item 53.  1,140 days passed from the time that the Delaware
Supreme Court affirmed the denial of Weatherspoon's motion for postconviction relief until
Weatherspoon filed a motion to correct an illegal sentence under Del. Super. Ct. Crim. R. 35(a).
*See* Dkt. Items 69-72, 87.  An additional 295 days had expired between the time that the
Delaware Supreme Court affirmed the denial of Weatherspoon's Rule 35(a) motion on October
17, 2006, *see Weatherspoon v. State*, 2006 Del. LEXIS 543 (Del. Oct. 17, 2006), and August 8,
2007, the presumptive date that Weatherspoon filed his petition for a writ of habeas corpus.  *See*
D.I. 2, at 16.

counsel's failure to inform him about AEDPA's one-year statutory period excuses his failure to petition this Court for more four years beyond the one-year deadline. Accordingly, Weatherspoon's claim is untimely under § 2244(d), and there is no basis upon which any relevant time should be excluded by virtue of the equitable tolling doctrine.

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Weatherspoon's plea colloquy and sentencing proceedings have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for writ of habeas corpus should be dismissed without further proceedings.

Kevin M. Carroll
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4836
Kevin.Carroll@state.de.us

Dated:  November 1, 2007

LEXSEE



Positive
As of: Nov 01, 2007

### RECARDO B. WEATHERSPOON, Defendant Below-Appellant, v. STATE OF DELAWARE, Plaintiff Below-Appellee.

#### No. 591, 2002

#### SUPREME COURT OF DELAWARE

#### 818 A.2d 971; 2003 Del. LEXIS 101

#### January 7, 2003, Submitted
#### February 28, 2003, Decided

**NOTICE:** THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**SUBSEQUENT HISTORY:** Later proceeding at Weatherspoon v. State, 2004 Del. LEXIS 131 (Del., Mar. 15, 2004)

**PRIOR HISTORY:** Court Below--Superior Court of the State of Delaware, in and for Sussex County. Cr. ID 0001003156.

**DISPOSITION:** [*1] Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** The Superior Court, Sussex County (Delaware), entered a final judgment denying defendant's motion for postconviction relief. The defendant appealed and the State filed a motion to affirm in which it claimed that defendant's appeal was without merit.

**OVERVIEW:** Defendant pled guilty to one count of delivery of cocaine and two counts of conspiracy. The trial court sentenced him as a habitual offender pursuant to his plea agreement. Defendant did not appeal. Thereafter, he filed a petition for postconviction relief. He argued that his guilty plea was not voluntary due to his counsel's ineffective assistance, that the prosecutor engaged in misconduct, and that the trial court abused its discretion by denying his motion to disqualify his trial

counsel. The trial court, without holding a hearing, addressed the claims. It found that he had failed to sustain his burden of proving that his trial counsel's performance was objectively unreasonable and that counsel's alleged errors had prejudiced his decision to plead guilty. Accordingly, the trial court held that defendant had entered his guilty plea knowingly, intelligently, and voluntarily. After defendant appealed the denial of his petition, the state supreme court found that he did not sustain his burden of establishing ineffective assistance of counsel, which meant the trial court did not abuse its discretion in denying his petition for postconviction relief without holding a hearing.

**OUTCOME:** The judgment was affirmed.

**CORE TERMS:** trial counsel, postconviction, opening brief, guilty plea, ineffective assistance, false evidence, prosecutor, manifest

**JUDGES:** Before VEASEY, Chief Justice, WALSH, and HOLLAND, Justices.

**OPINION BY:** Joseph T. Walsh

**OPINION**

### ORDER

This 28th day of February 2003, upon consideration of the appellant's opening brief and the State's motion to affirm, it appears to the Court that:

(1) The defendant-appellant, Recardo Weatherspoon, filed this appeal from the Superior Court's denial of his motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Weatherspoon's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Weatherspoon pled guilty in June 2000 to one count of delivery of cocaine and two counts of conspiracy. The Superior Court sentenced Weatherspoon as an habitual offender, in accordance with his plea agreement, to a total period of seventeen years at Level V incarceration, to be suspended after serving thirteen years for [*2] four years of probation. Weatherspoon did not appeal to this Court. In August 2002, Weatherspoon filed his first petition for postconviction relief. Weatherspoon argued: (i) his guilty plea was not voluntary due to his counsel's ineffective assistance; (ii) the prosecutor engaged in misconduct; and (iii) the Superior Court abused its discretion by denying Weatherspoon's motion to disqualify his trial counsel and appoint substitute counsel below. The Superior Court addressed each of these claims and denied Weatherspoon's petition on its merits.

(3) The gist of Weatherspoon's complaints is that he was innocent of the charges against him, that the police and prosecutor used false evidence to indict him, and that his trial counsel did not properly investigate the case and instead coerced Weatherspoon into pleading guilty. After reviewing Weatherspoon's petition, the Superior Court, without holding a hearing, concluded that Weatherspoon's claims of ineffective assistance were vague and unsubstantiated and that his claim concerning false evidence was not supported by the record. Accordingly, the Superior Court concluded that Weatherspoon had failed to sustain his burden of proving that [*3] his trial counsel's performance was objectively unreasonable and that counsel's alleged errors had prejudiced Weatherspoon's decision to plead guilty. The Superior Court held that Weatherspoon had entered his guilty plea knowingly, intelligently, and voluntarily.

(4) Having carefully considered the parties' respective positions, we find it manifest that the judgment of the Superior Court should be affirmed on the basis of the Superior Court's well-reasoned decision dated October 1, 2002. The Superior Court did not err in concluding that Weatherspoon had failed to sustain his burden of establishing ineffective assistance of counsel. Accordingly, we find no abuse of discretion in the Superior Court's denial of Weatherspoon's motion for postconviction relief without holding a hearing. *

> *   *See* *Maxion v. State*, 686 A.2d 148 (Del. 1996).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

s/ Joseph T. Walsh

Justice

LEXSEE



Positive
As of: Nov 01, 2007

**RECARDO B. WEATHERSPOON, Defendant Below, Appellant, v. STATE OF DELAWARE, Plaintiff Below, Appellee.**

**No. 452, 2003**

**SUPREME COURT OF DELAWARE**

**2004 Del. LEXIS 131**

**December 9, 2003, Submitted
March 15, 2004, Decided**

**NOTICE:**

[*1]    THIS OPINION HAS NOT BEEN RE-LEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**SUBSEQUENT HISTORY:** Subsequent appeal at Weatherspoon v. State, 2005 Del. LEXIS 252 (Del., July 5, 2005)

**PRIOR HISTORY:**    Court Below-Superior Court of the State of Delaware, in and for Sussex County in IS00-01-0302, 0303, 0305. Def. ID No. 0001003156.
Weatherspoon v. State, 818 A.2d 971, 2003 Del. LEXIS 101 (Del., 2003)

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** The Superior Court of the State of Delaware, in and for Sussex County, denied defendant's motion to modify his mandatory 13 years at Level V on a delivery of drugs offense and a total of four years at Level V suspended for four years at Level III for conspiracy offenses. Defendant appealed and the State moved to affirm the trial court's judgment.

**OVERVIEW:** Defendant had pleaded guilty to delivery of cocaine and two counts of conspiracy in the second degree. As part of the ultimate, renegotiated plea agreement, defendant was both (1) declared an habitual of-

fender, and (2) immediately sentenced. Defendant's prior pro se motions for reduction of sentence and motion for postconviction relief were denied. Defendant's instant motion was for modification of sentence based upon his taking advantage of numerous educational and treatment programs while incarcerated and his remorse. However, defendant's sentence was a mandatory sentence under Del. Code Ann. tit 11, § 4214(a), which provided that any sentence imposed was not subject to suspension. The trial court's reference in its judgment denying the sentence modification was a clerical error. The trial court's sentencing order accurately reflected the agreed-upon sentence that it imposed pursuant to defendant's plea.

**OUTCOME:** The highest court granted the State's motion to affirm and affirmed the trial court's judgment.

**CORE TERMS:** sentence, plea agreement, plea hearing, sentencing, modification, conspiracy, mandatory, suspended, delivery, opening brief, guilty plea, imprisonment, prosecutor, invoked, modification of sentence, habitual offender, pro se, postconviction, manifest

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Sentencing > Criminal History > Prior Felonies*
[HN1]Del. Code Ann. tit. 11, § 4214(a) provides that a sentencing court may impose a sentence of up to life imprisonment for a fourth felony conviction.

Criminal Law & Procedure > Sentencing > Criminal History > Prior Felonies

Criminal Law & Procedure > Sentencing > Suspension

[HN2]Del. Code Ann. tit 11, § 4214(a) provided that any sentence imposed shall not be subject to suspension.

**JUDGES:** Before HOLLAND, BERGER and STEELE, Justices.

**OPINION BY:** Carolyn Berger

**OPINION**

**ORDER**

This 15th day of March 2004, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1) The appellant, Recardo B. Weatherspoon, filed an appeal from an order of the Superior Court denying his motion for modification of sentence. The appellee, State of Delaware, has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2) On June 14, 2000, Weatherspoon pleaded guilty to Delivery of Cocaine and two counts of Conspiracy in the Second Degree. As part of the plea agreement, Weatherspoon was declared an habitual offender [1] and was immediately sentenced to a mandatory thirteen years at Level V on the delivery offense [*2] and a total of four years at Level V suspended for four years at Level III for the conspiracy offenses.

> 1    Del. Code Ann. tit. 11, § 4214(a) [HN1](providing that the sentencing court may impose a sentence of up to life imprisonment for a fourth felony conviction).

(3) On June 23, 2000, Weatherspoon filed a *pro se* motion for reduction of sentence that was denied by the Superior Court on August 3, 2000. In August 2002, Weatherspoon filed a motion for postconviction relief that was denied by the Superior Court on October 1, 2002. The denial of postconviction relief was affirmed on appeal. [2]

> 2    *Weatherspoon v. State*, 818 A.2d 971, 2003 WL 723992 (Del. Supr. 2003).

(4) On August 12, 2003, Weatherspoon filed a *pro se* motion for modification of sentence. In support of his motion, Weatherspoon asserted that he had [*3] availed himself of numerous educational and treatment programs while incarcerated, and that he was remorseful for his crimes. By order dated August 14, 2003, the Superior Court denied Weatherspoon's motion on the basis that he was serving a mandatory thirteen-year sentence at Level V. This appeal followed.

(5) On appeal, Weatherspoon does not argue any of the grounds that he raised in his sentence modification motion. [3] Rather, Weatherspoon questions, for the first time in this appeal, the nature of his guilty plea. Specifically, Weatherspoon alleges that (a) the Superior Court did not inform him that it had rejected the plea agreement; (b) he was not aware that the plea had been entered pursuant to Superior Court Criminal Rule "11(e)(1)(4)," as stated by the Superior Court in its August 14 order; and (c) neither the plea agreement nor the plea colloquy, unlike the sentence order, identified the plea as one entered pursuant to Superior Court Criminal Rule 11(e)(1)(C). [4]

> 3    As a result, those grounds are deemed waived and will not be addressed by this Court. *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[*4]

> 4    Superior Court Criminal Rule 11(e)(1)(C) was repealed effective July 1, 2001.

(6) The record, namely the guilty plea hearing transcript and the plea agreement, supports Weatherspoon's contention that the parties initially considered a different plea agreement that included an eighteen-year sentence at Level V for the delivery offense, suspended after ten years, plus four years at Level V for the conspiracy offenses. The record does not support Weatherspoon's contention, however, that the Superior Court rejected the plea agreement. Rather, it appears that the agreement was withdrawn when the prosecutor observed that a suspended sentence is not allowed under the habitual offender statute. [5] Ultimately, after further negotiations, the parties executed a plea agreement resulting in the mandatory thirteen-year sentence that was imposed by the Superior Court. [6]

> 5    *See* Del. Code Ann. tit 11, § 4214(a) [HN2](providing that any sentence imposed shall not be subject to suspension).

[*5]

> 6    The revised plea agreement reduced Weatherspoon's period of imprisonment by one year.

(7) Weatherspoon points out that "Rule 11(e)(1)(C)" is invoked in the June 14, 2000 sentencing order, [7] but it is not marked on the plea agreement form nor was it alluded to at the guilty plea hearing. [8] Also, Weatherspoon correctly notes that the Superior Court cited in error to

"Rule 11(e)(1)(4)" [9] in its August 14 order denying Weatherspoon's sentence modification motion. Neither the inconsistency nor the error, however, had a prejudicial impact on Weatherspoon. Whether or not the "Rule 11(e)(1)(C)" box was checked on the plea agreement form or invoked at the guilty plea hearing, the June 14, 2000 sentencing order accurately reflects the agreed-upon sentence that was imposed by the Superior Court. The Superior Court's mistaken reference to "Rule 11(e)(1)(4)" in the order denying Weatherspoon's sentence modification motion appears to have been a typographical error and was not intended to, nor did it, reflect the nature [*6] of Weatherspoon's guilty plea.

> 7   The sentencing order states, "this sentence is pursuant to Rule 11(e)(1)(C)."

> 8   At the guilty plea hearing, the prosecutor said, "There is a sentence short of life that the State in all candor would be satisfied with, and I've reviewed that and I understand that Mr. Weather-spoon is in agreement with that, although it's not an 11(e)(1)(C)." Hr'g Tr. at 2 (June 14, 2000).

> 9   Indeed, there is no section "(e)(1)(4)" in Superior Court Criminal Rule 11.

(8) It is manifest on the face of Weatherspoon's opening brief that this appeal is without merit. The issues presented on appeal are controlled by settled Delaware law. To the extent that [*7] judicial discretion is implicated, clearly there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Carolyn Berger

Justice

LEXSEE



Positive
As of: Nov 01, 2007

RECARDO B. WEATHERSPOON, Defendant Below-Appellant, v. STATE OF
DELAWARE, Plaintiff Below-Appellee.

No. 336, 2006

SUPREME COURT OF DELAWARE

2006 Del. LEXIS 543

August 21, 2006, Submitted
October 17, 2006, Decided

**NOTICE:**

[*1]    THIS OPINION HAS NOT BEEN RE-
LEASED FOR PUBLICATION IN THE PERMANENT
LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT
TO REVISION OR WITHDRAWAL.

**SUBSEQUENT HISTORY:** Post-conviction relief de-
nied at State v. Weatherspoon, 2007 Del. Super. LEXIS
28 (Del. Super. Ct., Jan. 26, 2007)

**PRIOR HISTORY:**    Court Below--Superior Court of
the State of Delaware, in and for Sussex County. Cr. ID
0001003156.
Weatherspoon v. State, 2005 Del. LEXIS 252 (Del., July
5, 2005)

**DISPOSITION:**    State's motion to affirm is
GRANTED. The judgment of the Superior Court is AF-
FIRMED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant appealed a
judgment by the Superior Court of the State of Delaware,
in and for Sussex County, that denied his motion for cor-
rection of sentence under Del. Super. Ct. R. Crim. P.
35(a); the State moved to affirm the judgment.

**OVERVIEW:** Defendant pleaded guilty to two counts
of delivery of cocaine and two counts of conspiracy and
acknowledged that he was an habitual offender. Pursuant
to the plea agreement, the trial court immediately sen-
tenced defendant as an habitual offender, pursuant to
Del. Code Ann. tit. 11, § 4214(a), to 13 years at Level V
incarceration followed by probation. Since then, defen-
dant filed several unsuccessful motions for modification
of sentence or postconviction relief alleging that his sen-
tence was illegal because his status as an habitual of-
fender was not properly established. The state supreme
court found that defendant's challenge to his status as a
habitual offender should have been raised prior to the
entry of his guilty plea. Because defendant failed to do
so, the trial court properly denied his Del. Super. Ct. R.
Crim. P. 35(a) motion for correction of sentence because
the issue was not the proper subject of such a motion.

**OUTCOME:** The State's motion to affirm was granted,
and the judgment was affirmed.

**CORE TERMS:** sentence, habitual offender, correction,
opening brief, pled guilty, plea agreement, sentenced,
manifest

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Sentencing > Correc-
tions, Modifications & Reductions > Illegal Sentences*
[HN1]It is well settled that the limited purpose of a mo-
tion under Del. Super. Ct. R. Crim. P. 35(a) is to permit
correction of an illegal sentence. It is not a means for a
defendant to attack the legality of his convictions or to
raise allegations of error occurring in the proceedings
leading to the judgment of conviction.

**JUDGES:** Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

**OPINION BY:** Myron T. Steele

**OPINION**

**ORDER**

This 17th day of October 2006, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The defendant-appellant, Recardo Weatherspoon, filed this appeal from the Superior Court's denial of his motion for correction of sentence under Superior Court Criminal Rule 35(a). The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Weatherspoon's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Weatherspoon pled guilty and was sentenced in June 2000 [*2] on two counts of delivery of cocaine and two counts of conspiracy. Weatherspoon's plea agreement acknowledged that he was an habitual offender. Pursuant to the plea agreement, the Superior Court immediately sentenced Weatherspoon as an habitual offender, pursuant to 11 Del. C. 4214(a), to thirteen years at Level V incarceration followed by probation. Since then, Weatherspoon has filed several unsuccessful motions for modification of sentence or postconviction relief. In May 2006, Weatherspoon filed a motion for correction of sentence under Superior Court Criminal Rule 35(a) alleging that his sentence was illegal because his status as an habitual offender was not properly established. The Superior Court denied his motion.

(3) After careful consideration of the parties' respective positions on appeal, we find it manifest that the judgment of the Superior Court must be affirmed. [HN1]It is well-settled that the limited purpose of a motion under Rule 35(a) is to permit correction of an illegal sentence. [1] It is not a means for a defendant to attack the legality of his convictions or to raise allegations of error occurring in the proceedings leading to the judgment [*3] of conviction. [2] Weatherspoon pled guilty as an habitual offender. To the extent he could have challenged his status, that contention should have been raised prior to the entry of his guilty plea. Accordingly, we find no error in the Superior Court's denial of Weatherspoon's motion for correction of sentence because the issue raised therein was not the proper subject of a motion under Rule 35(a).

1 *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

2 *Id.*

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Myron T. Steele

Chief Justice

LEXSEE 2007 DEL. LEXIS 320

**RECARDO B. WEATHERSPOON, Defendant Below, Appellant, v. STATE OF DELAWARE, Plaintiff Below, Appellee.**

**No. 94, 2007**

**SUPREME COURT OF DELAWARE**

**2007 Del. LEXIS 320**

**April 13, 2007, Submitted**
**July 20, 2007, Decided**

**NOTICE:**

THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**PRIOR HISTORY:** [*1]
Court Below--Superior Court of the State of Delaware in and for Sussex County. Def. ID No. 0001003156. State v. Weatherspoon, 2007 Del. Super. LEXIS 28 (Del. Super. Ct., Jan. 26, 2007)

**JUDGES:** Before BERGER, JACOBS and RIDGELY, Justices.

**OPINION BY:** Jack B. Jacobs

**OPINION**

**ORDER**

This 20<th> day of July 2007, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1) The appellant, Recardo Weatherspoon, filed this appeal from the Superior Court's denial of his second motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61"). The State has filed a motion to affirm the Superior Court's judgment on the basis that it is manifest on the face of Weatherspoon's opening brief that this appeal is without merit. We agree and affirm.

(2) The record reflects that Weatherspoon pleaded guilty in June 2000 to one count of delivery of cocaine and two counts of second degree conspiracy. On the State's motion and as contemplated in the plea agreement, Weatherspoon was declared a habitual offender

and was sentenced to a total of seventeen years imprisonment, suspended after thirteen years for four years of probation. Weatherspoon did not appeal his conviction or sentence.

(3) In August 2002, Weatherspoon filed his first motion [*2] for postconviction relief. Weatherspoon raised ineffective assistance of counsel and several other claims. The Superior Court considered each claim and denied Weatherspoon's motion on its merits. On appeal, this Court affirmed the Superior Court's decision. [1]

> 1    *Weatherspoon v. State,* 818 A.2d 971, 2003 WL 723992 (Del. Supr.).

(4) In August 2003, Weatherspoon unsuccessfully moved to modify his sentence. The Superior Court's denial of the modification motion was affirmed on appeal. [2] In May 2006, Weatherspoon unsuccessfully moved to correct his sentence. Again, the Superior Court's denial of Weatherspoon's motion was affirmed on appeal. [3]

> 2    *Weatherspoon v. State,* 2004 Del. LEXIS 131, 2004 WL 542163 (Del. Supr.).

> 3    *Weatherspoon v. State,* 2006 Del. LEXIS 543, 2006 WL 2950487 (Del. Supr.).

(5) In December 2006, Weatherspoon filed his second motion for postconviction relief. Weatherspoon complained that the prosecution did not establish that Weatherspoon was eligible for sentencing as a habitual offender. In a related claim, Weatherspoon alleged that his defense counsel was ineffective.

(6) By decision dated January 26, 2007, the Superior Court denied Weatherspoon's motion on the basis that the claims were barred pursuant to Rule 61. [4] The Superior [*3] Court also noted that Weatherspoon's habitual offender claim was without merit. [5] This appeal followed.

2007 Del. LEXIS 320, *

4    *State v. Weatherspoon,* 2007 Del. Super. LEXIS 28, 2007 WL 441945 (Del. Super. Ct.).

5    2007 Del. Super. LEXIS 28, [WL] at 9.

(7) Having carefully considered the parties' positions on appeal and the Superior Court record, the Court concludes that this appeal should be affirmed on the basis of the Superior Court's well-reasoned decision of January 26, 2007. The Superior Court did not err in its determination that Weatherspoon's motion for postconviction relief was procedurally barred as untimely, [6] repetitive, [7] and defaulted. [8] Moreover, the Court concludes on appeal that reconsideration of Weatherspoon's claims is not warranted in the interest of justice, [9] on the basis that the Superior Court lacked jurisdiction, [10] on the basis of a constitutional violation, [11] or on the basis of a newly recognized retroactively applicable right. [12]

6    Del. Super. Ct. Crim. R. 61(i)(1) (2004).

7    Del. Super. Ct. Crim. R. 61(i)(2) (2007).

8    Del. Super. Ct. Crim. R. 61(i)(3) (2007).

9    Del. Super. Ct. Crim. R. 61(i)(2) (2007).

10    Del. Super. Ct. Crim. R. 61(i)(5) (2007).

11    *Id.*

12    Del. Super. Ct. Crim. R. 61(i)(1) (2004).

NOW, THEREFORE, IT IS ORDERED that the State's motion [*4] to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Jack B. Jacobs

Justice

LEXSEE



Positive
As of: Nov 01, 2007

**JESSE L. SPENCER, Petitioner, v. ROBERT SNYDER, Warden, and ATTORNEY
GENERAL OF THE STATE OF DELAWARE, Respondents.**

**Civil Action No. 00-898-SLR**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2002 U.S. Dist. LEXIS 14754**

**July 24, 2002, Decided**

**DISPOSITION:**    [*1] Petitioner's application for a
writ of habeas corpus dismissed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Petitioner inmate, con-
victed of assault, robbery, burglary, kidnapping, and four
counts of the possession of a deadly weapon during the
commission of a felony, filed an application for a writ of
habeas corpus pursuant to 28 U.S.C.S. § 2254.

**OVERVIEW:** The inmate did not file for a writ of cer-
tiorari with the United States Supreme Court so his con-
viction became final for purposes of the statute of limita-
tions set forth in the Antiterrorism and Effective Death
Penalty Act of 1996 (AEDPA), codified at 28 U.S.C.S. §
2244(d)(1) on October 15, 1995, 90 days after the Dela-
ware Supreme Court affirmed his conviction and sen-
tence. He filed the habeas petition on October 13, 2000,
so his petition was barred under the AEDPA's one-year
limitations limitation period unless the statute was statu-
torily or equitably tolled. The court held that neither type
of tolling applied as (1) statutory tolling did not apply
where the one-year period had expired before the inmate
ever filed his motion for postconviction relief; and (2)
equitably tolling did not apply as the inmate failed to
articulate any extraordinary circumstances that prevented
him from filing his petition with the court in a timely
manner. Last, the court would not issue a certificate of
appealability as the court was persuaded that reasonable
jurists would not debate the correctness of these conclu-
sions.

**OUTCOME:** The inmate's application for a writ of ha-
beas corpus was dismissed, and he was denied a certifi-
cate of appealability.

**CORE TERMS:** period of limitation, equitable tolling,
postconviction, appealability, certificate, habeas peti-
tions, habeas corpus, expiration, tolling, petitioner's con-
viction, petitioner filed, petitioner's application, time
barred, direct review, constitutional right, untimely, ex-
pired, jurist, limitation period, federal habeas, prison
officials, extraordinary circumstances, asserting, pris-
oner's, sentence, custody, mailing, tolling provision

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Habeas Corpus > Proce-
dure > Filing of Petition > Time Limitations > Accrual
Period*
*Governments > Legislation > Statutes of Limitations >
Time Limitations*
[HN1]See 28 U.S.C.S. § 2244(d)(1).

*Civil Procedure > U.S. Supreme Court Review > Gen-
eral Overview*
*Criminal Law & Procedure > Habeas Corpus > Proce-
dure > Filing of Petition > Time Limitations > General
Overview*
*Governments > Legislation > Statutes of Limitations >
General Overview*
[HN2]The 90-day period in which a habeas petitioner
could have filed a petition for review by the United

States Supreme Court is encompassed within the meaning of "the expiration of the time for seeking direct review," as provided in 28 U.S.C.S. § 2244(d)(1)(A).

*Civil Procedure > Parties > Self-Representation > General Overview*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Pleadings*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Filing Date*
[HN3]A pro se prisoner's habeas petition, is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the district court dockets it.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Accrual Period*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Equitable Tolling*
[HN4]The one-year period set forth in 28 U.S.C.S. § 2244(d)(1) is subject to statutory and equitable tolling.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > General Overview*
*Governments > Legislation > Statutes of Limitations > Tolling*
[HN5]See 28 U.S.C.S. § 2244(d)(2).

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > General Overview*
*Governments > Legislation > Statutes of Limitations > Tolling*
[HN6]An application for postconviction relief filed after the expiration of the one-year period set forth in 28 U.S.C.S. § 2244 (d)(1) has no tolling effect.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Equitable Tolling*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Governments > Legislation > Statutes of Limitations > Tolling*
[HN7]The one-year period of limitation set forth in 28 U.S.C.S. § 2244(d)(1) may be equitably tolled.

*Governments > Legislation > Statutes of Limitations > Tolling*
[HN8]The doctrine of equitable tolling applies only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient. In other words, equitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.

*Criminal Law & Procedure > Habeas Corpus > Appeals > Certificate of Appealability*
*Criminal Law & Procedure > Habeas Corpus > Cognizable Issues > Threshold Requirements*
[HN9]A federal court on habeas review may issue a certificate of appealability only if petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C.S. § 2253(c)(2).

*Criminal Law & Procedure > Habeas Corpus > Appeals > Certificate of Appealability*
[HN10]When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, in order to obtain a certificate of appealability, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist can not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.

COUNSEL: Jesse L. Spencer, Petitioner, Pro se, Delaware Correctional Center, Smyrna, Delaware.

Loren C. Meyers, Esquire, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware, Counsel for Respondents.

JUDGES: Sue L. Robinson, United States District Judge.

OPINION BY: Sue L. Robinson

**OPINION**

**MEMORANDUM OPINION**

Dated: July 24, 2002

Wilmington, Delaware

**ROBINSON, Chief Judge**

**I. INTRODUCTION**

Petitioner Jesse L. Spencer is a state inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2) For the reasons that follow, the court concludes that petitioner's application is time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d)(1). Accordingly, the court will dismiss the petition as untimely.

**II. BACKGROUND**

Following a jury trial in the Delaware Superior Court, petitioner was convicted of assault, robbery, burglary, kidnaping, and four counts of possession of a [*2] deadly weapon during the commission of a felony. The Superior Court sentenced petitioner on September 22, 1995, to 103 years imprisonment, suspended after 100 years for decreasing levels of supervision. On direct appeal, the Delaware Supreme Court affirmed. *Spencer v. State*, 1996 Del. LEXIS 248, No. 417, 1995, 1996 WL 415919 (Del. July 17, 1996).

Three years later, on July 16, 1999, petitioner filed in the Superior Court a motion for postconviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure. The Superior Court summarily dismissed the motion. *State v. Spencer*, 1999 Del. Super. LEXIS 357, No. 9402009418, 1999 WL 743314 (Del. Super. Ct. Aug. 3, 1999). The Delaware Supreme Court dismissed petitioner's postconviction appeal as untimely. *Spencer v. State*, 741 A.2d 17, No. 407, 1999, 1999 WL 971069 (Del. Oct. 4, 1999).

Petitioner's application for federal habeas relief is now before the court.

**III. DISCUSSION**

**A. One-Year Period of Limitation**

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of habeas petitions by state [*3] prisoners. *Stokes v. District Attorney of County of Philadel-* *phia*, 247 F.3d 539, 541 (3d Cir.), *cert. denied*, 534 U.S. 959, 151 L. Ed. 2d 276, 122 S. Ct. 364 (2001). Effective April 24, 1996, the AEDPA provides:

> [HN1](1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

28 U.S.C. § 2244(d)(1).

As described above, the Delaware Supreme Court affirmed petitioner's conviction and sentence on July 17, 1996. Petitioner was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13.1. Although petitioner did not seek review from the United States Supreme Court, [HN2]the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the expiration of the time for seeking [direct] review," as provided in § 2244(d)(1)(A). [*4] *See Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999) (holding that on direct review, the limitation period begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, petitioner's conviction became final on October 15, 1996, ninety days after the Delaware Supreme Court affirmed his conviction and sentence.

The court's docket reflects that the current petition was filed on October 13, 2000. (D.I. 2) [HN3]A pro se prisoner's habeas petition, however, is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the district court dockets it. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Petitioner has provided the court with no documentation establishing the date he delivered his petition to prison officials for mailing. The petition itself, however, is dated September 29, 2000. (D.I. 2) In the absence of proof respecting the date of delivery, the court deems the petition filed on September 29, 2000. *See* Murphy v. Snyder, Civ. A. No. 98-415-JJF, at 4 (D. Del. Mar. 8, 1999).

In short, the one-year period began running when petitioner's [*5] conviction became final on October 15, 1996. His habeas petition was filed nearly four years later on September 29, 2000. That, however, does not necessarily require dismissal of the petition as untimely, because [HN4]the one-year period is subject to statutory and equitable tolling. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

**B. Statutory Tolling**

The AEDPA provides for statutory tolling of the one-year period of limitation as follows:

> [HN5]The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Here, petitioner filed a motion for postconviction relief in the Superior Court on July 16, 1999. The one-year period of limitation, however, expired on October 15, 1997, one year after his conviction became final. Petitioner's motion for postconviction relief, filed long after the one-year period expired, has no tolling effect in this matter. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) [*6] (stating that [HN6]application for postconviction relief filed after the expiration of the one-year period has no tolling effect), *cert. denied*, 152 L. Ed. 2d 649, 122 S. Ct. 1789 (2002); *Collingwood v. Snyder*, 2002 U.S. Dist. LEXIS 12591, Civ. A. No. 00-783- SLR, 2002 WL 1446702, *3 (D. Del. June 28, 2002) (same).

In sum, petitioner filed his motion for postconviction relief after the one-year period of limitation had expired. The court thus concludes that the statutory tolling provision does not apply.

**C. Equitable Tolling**

Additionally, [HN7]the one-year period of limitation may be equitably tolled. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.), *cert. denied*, 534 U.S. 944, 151 L. Ed. 2d 241, 122 S. Ct. 323 (2001); *Jones*, 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998). [HN8]The doctrine of equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some

extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised [*7] reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller*, 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones*, 195 F.3d at 159 (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).

In the instant case, petitioner has failed to articulate any extraordinary circumstances that prevented him from filing his petition with this court in a timely manner. Indeed, he has failed to offer any explanation for the delay, and even acknowledges that he "has not filed his petition within the statutory provision of § 2244(d)(1)." (D.I. 18, P5) Moreover, the court has independently reviewed the record, and can discern no extraordinary circumstances that warrant applying equitable tolling. Accordingly, the court will dismiss the petition as time barred.

**IV. CERTIFICATE OF APPEALABILITY**

[*8] Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. [HN9]The court may issue a certificate of appealability only if petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

[HN10]When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

As discussed above, the court has concluded that the current habeas petition is time barred, and that neither the statutory tolling [*9] provision nor the doctrine of equitable tolling applies. The court is persuaded that reasonable jurists would not debate the correctness of these conclusions. Petitioner, therefore, has failed to make a

substantial showing of the denial of a constitutional right, and a certificate of appealability is not warranted.

## V. CONCLUSION

For the reasons stated, the court will dismiss petitioner's application for a writ of habeas corpus, and will not issue a certificate of appealability. An appropriate order shall issue.

## ORDER

At Wilmington, this 24th day of July, 2002, consistent with the memorandum opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Jesse L. Spencer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I. 2) is dismissed, and the relief requested therein is denied.

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

Sue L. Robinson

United States District Judge

LEXSEE



Cited
As of: Nov 01, 2007

**KEVIN A. THOMAS, Petitioner, v. ROBERT W. SNYDER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, Respondents.**

**Civil Action No. 98-597-GMS**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2001 U.S. Dist. LEXIS 19969**

**November 28, 2001, Decided**

**DISPOSITION:** [*1] Thomas' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 DISMISSED, and relief requested therein DENIED. Thomas' letter dated April 16, 2000, requesting appointment of counsel, construed as a motion for appointment of counsel, and so construed, DENIED as moot.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Petitioner was convicted of first degree murder and possession of a deadly weapon during the commission of a felony in state court and was sentenced to life imprisonment. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.S. § 2254. Respondent State officials moved to dismiss the petition as time-barred.

**OVERVIEW:** Petitioner's claim for federal habeas relief was subject to the time limitation set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) because his conviction became final well before the AEDPA's enactment. Following the enactment of the AEDPA, 510 days lapsed during which petitioner had no post-conviction proceedings pending for purposes of 28 U.S.C.S. § 2244(d)(2). That period of time, well in excess of one year, was to be counted. Thus, the court concluded that while the statutory tolling provision applied to certain portions of time since the enactment of the AEDPA, it did not render the habeas petition timely filed. Moreover, the court did not discern any extraordinary circumstance that warranted applying the doctrine of equitable tolling given that petitioner had failed to offer any explanation for the delay in filing the habeas petition. Petitioner's letter, which the court construed as a motion for appointment of counsel, was denied as moot given the determination to dismiss the petition as untimely. Finally, the court declined to issue a certificate of appealability.

**OUTCOME:** The petition for a writ of habeas corpus was dismissed.

**CORE TERMS:** period of limitation, habeas petitions, post-conviction, period of time, tolling, tolled, constitutional right, equitable tolling, appointment of counsel, appealability, certificate, counted, prison, habeas corpus, limitation period, direct review, properly filed, untimely, summarily, convictions became final, state prisoners, expiration, convicted, sentence, mailing, concede, murder, weapon, unfair, jurist

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Antiterrorism & Effective Death Penalty Act*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN1]In the Antiterrorism and Effective Death Penalty Act of 1996, Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of 28 U.S.C.S. § 2254 habeas petitions by state prisoners.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Accrual Period*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN2]See 28 U.S.C.S. § 2244(d)(1)(A).

*Criminal Law & Procedure > Habeas Corpus > Review > Antiterrorism & Effective Death Penalty Act*
*Governments > Legislation > Effect & Operation > Retrospective Operation*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN3]In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 were allowed to file their 28 U.S.C.S. § 2254 petitions no later than April 23, 1997.

*Civil Procedure > U.S. Supreme Court Review > General Overview*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > General Overview*
*Governments > Legislation > Statutes of Limitations > General Overview*
[HN4]A defendant is allowed 90 days in which to file a petition for a writ of certiorari with the United States Supreme Court after his judgment of conviction in state court becomes final. Sup. Ct. R. 13. When a defendant does not file a petition with the United States Supreme Court, the 90-day period in which he could have filed such a petition is encompassed within the meaning of the conclusion of direct review or the expiration of the time for seeking such review, as set forth in 28 U.S.C.S. § 2244(d)(1)(A).

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Equitable Tolling*
*Governments > Legislation > Statutes of Limitations > General Overview*
[HN5] 28 U.S.C.S. § 2244(d)'s period of limitation may be either statutorily or equitably tolled.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > General Overview*
*Governments > Legislation > Statutes of Limitations > General Overview*

[HN6]See 28 U.S.C.S. § 2244(d)(2).

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > General Overview*
[HN7]Only a "properly filed application" for postconviction review tolls the one-year period under 28 U.S.C.S. § 2244(d)(2).

*Criminal Law & Procedure > Habeas Corpus > Procedural Default > General Overview*
[HN8]Under Del. Super. Ct. R. Crim. P. 61, any ground for relief that was not asserted in a prior postconviction proceeding is thereafter barred. Del. Super. Ct. R. Crim. P. 61(i)(2). This procedural bar, however, is inapplicable where a motion raises a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction. Del. Super. Ct. R. Crim. P. 61(i)(5).

*Civil Procedure > U.S. Supreme Court Review > General Overview*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > General Overview*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN9]On direct review, the 90-day period set forth in Sup. Ct. R. 13 is excluded from the one-year period of limitation of 28 U.S.C.S. § 2244(d)(1). In postconviction proceedings, however, the time during which a state prisoner may file a petition in the United States Supreme Court does not toll the one-year period, and the 90-day period is counted.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations > Equitable Tolling*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN10]In the context of a federal habeas proceeding, the doctrine of equitable tolling applies only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient. In other words, equitable tolling

may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.

*Constitutional Law > Bill of Rights > Fundamental Rights > Criminal Process > Assistance of Counsel*
*Criminal Law & Procedure > Counsel > Right to Counsel > General Overview*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Appointment of Counsel*
[HN11]The Sixth Amendment right to counsel does not extend to habeas proceedings.

*Criminal Law & Procedure > Habeas Corpus > Appeals > Certificate of Appealability*
*Criminal Law & Procedure > Habeas Corpus > Cognizable Issues > Threshold Requirements*
[HN12]The court may issue a certificate of appealability only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C.S. § 2253(c)(2).

*Criminal Law & Procedure > Habeas Corpus > Appeals > Certificate of Appealability*
[HN13]When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, to obtain a certificate of appealability the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.

**COUNSEL:** KEVIN A. THOMAS, petitioner, Pro se, Smyrna, DE.

For ROBERT W. SNYDER, ATTORNEY GENERAL OF THE STATE OF DELAWARE, respondents: Thomas E. Brown, Department of Justice, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Gregory M. Sleet

**OPINION**

**MEMORANDUM AND ORDER**

Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware, where he is serving a sentence of life imprisonment. Thomas has filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the court will dismiss Thomas' petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d).

**I. BACKGROUND**

On June 28, 1993, following [*2] a jury trial in the Delaware Superior Court, Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. The evidence at trial demonstrated that on September 13, 1992, Thomas shot David Turner in the face and killed him. Thomas was seventeen years old at the time. He was sentenced to life in prison without parole on the murder conviction and to a consecutive sentence of five years in prison on the weapons conviction. The Delaware Supreme Court affirmed Thomas' conviction and sentence on September 21, 1994.

On December 18, 1996, Thomas filed in state court a motion for post-conviction relief pursuant to Rule 61 of the Delaware Superior Court Criminal Rules. The trial court summarily dismissed Thomas' Rule 61 motion on December 23, 1996. Thomas appealed to the Delaware Supreme Court. His subsequent motion to withdraw the appeal was granted on March 11, 1997. Thomas filed a second Rule 61 motion for post-conviction relief on March 27, 1997, which was summarily dismissed on May 9, 1997. Again, Thomas appealed to the Delaware Supreme Court. The Court affirmed the order of dismissal on November 24, 1997.

Thomas has now filed [*3] with this court the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition Thomas articulates four separate grounds for relief: (1) The searches of his residence and car were in violation of the Fourth Amendment, and all evidence seized from these searches should have been suppressed; (2) The trial court erred in admitting identification testimony that was the result of an impermissibly suggestive photographic identification procedure; (3) The trial court violated his constitutional right to due process by giving a supplemental jury instruction pursuant to *Allen v. United States, 164 U.S. 492, 41 L. Ed. 528, 17 S. Ct. 154 (1896)*; and (4) His constitutional rights were violated when police questioned him without a parent or legal guardian present.

The respondents argue that the petition is subject to a one-year period of limitation that expired before Thomas filed it. Thus, they request that the court dismiss the petition as time barred.

## II. DISCUSSION

### A. One-Year Period of Limitation

[HN1]In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute [*4] by prescribing a one-year period of limitation for the filing of § 2254 habeas petitions by state prisoners. _Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 541 (3d Cir. 2001)_. Effective April 24, 1996, the AEDPA provides:

> [HN2](1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

28 U.S.C. § 2244(d)(1). [HN3]In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their § 2254 petitions no later than April 23, 1997. _See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998)_(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

Thomas' conviction became final prior to the enactment of the AEDPA. He [*5] was convicted on June 28, 1993. The Delaware Supreme Court affirmed the judgment of conviction on September 21, 1994. [HN4]Thomas was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. See Supreme Court Rule 13. Although Thomas did not file a petition with the United

States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). _See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999)_(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Thomas' conviction became final on December 20, 1994, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he could have filed a timely habeas petition with this court not later than April 23, 1997. See Burns, 134 F.3d at 111.

Ascertaining the precise date [*6] Thomas filed his habeas petition with the court is somewhat problematic. The court's docket reflects that the petition was filed on October 21, 1998, the date the clerk's office received his petition and filing fee. A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court receives it. _Id. at 113_. Thomas has provided the court with no documentation establishing the date he delivered his petition to prison officials for mailing. The petition itself, however, is dated August 10, 1998. The respondents maintain that the filing date is October 8, 1998, but they provide no documentation to support this conclusion. Under these circumstances, the court will extend Thomas every benefit of the doubt and will consider his habeas petition filed on August 10, 1998, the earliest possible date he could have delivered it to prison officials for mailing.

Obviously Thomas' habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because [HN5]§ 2244(d)'s period of limitation may be either statutorily or equitably tolled. [*7] _See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)_.

### B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation:

> [HN6]The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Thomas filed in state court a Rule 61 motion for post-conviction relief on December 18, 1996, which the Superior Court summarily dismissed on December 23, 1996. As previously noted, Thomas appealed from the order of dismissal. His subsequent motion to withdraw the appeal was granted on March 11, 1997. The respondents concede, and correctly so, that the filing of this motion for post-conviction relief tolled the period of limitation. Thus, the period of time from December 18, 1996, through March 11, 1997, does not count toward the one-year period of limitation. [1]

> 1    The court notes that the one-year period is tolled during the time between the Superior Court's dismissal of Thomas' Rule 61 motion and his timely appeal to the Delaware Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 420 (3d Cir. 2000).

[*8] Thomas filed a second Rule 61 motion for post-conviction relief in state court on March 27, 1997, which was summarily dismissed on May 9, 1997. The Delaware Supreme Court affirmed the dismissal on November 24, 1997. Again, the respondents concede that the filing of the second Rule 61 motion tolled the period of limitation. [2] Thus, the period of time from March 27, 1997, through November 24, 1997, is excluded from the one-year limitation period. [3]

> 2    [HN7]Only a "properly filed application" for post-conviction review tolls the one-year period under § 2244(d)(2). Whether Thomas' second Rule 61 motion constitutes a "properly filed application" is subject to debate. [HN8]Under Rule 61, "any ground for relief that was not asserted in a prior postconviction proceeding . . . is thereafter barred." Super. Ct. R. Crim. P., Rule 61(i)(2). This procedural bar, however, is inapplicable where a motion raises "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." *Id.*, Rule 61(i)(5). The court need not, and does not, address whether Thomas' second Rule 61 motion was a "properly filed application" because the respondents concede that the one-year period was tolled while the second Rule 61 motion was pending. Regardless, as discussed herein, Thomas' habeas petition is untimely.

[*9]

> 3    Thomas could have filed, but did not file, a petition for a writ of certiorari with the United States Supreme Court within ninety days of the Delaware Supreme Court's order. *See Supreme Court Rule 13.* [HN9]As explained above, on di-

rect review that ninety-day period is excluded from the one-year period of limitation. *See Kapral, 166 F.3d at 576.* In post-conviction proceedings, however, the time during which a state prisoner may file a petition in the United States Supreme Court does *not* toll the one-year period, and the ninety-day period is counted. *Stokes, 247 F.3d at 543.*

Nonetheless, since the date of the enactment of AEDPA, more than one year has passed during which statutory tolling does not apply. First, from April 24, 1996, through December 17, 1996, a period of 238 days, no post-conviction proceedings were pending, and those 238 days are included as part of the one-year period. In addition, from March 12, 1997, through March 26, 1997, no post-conviction relief proceedings were pending, and those fourteen days must be counted. Finally, from November 25, 1997, through [*10] August 9, 1998, a period of 258 days, no motion for post-conviction relief was pending, and those 258 days must be counted.

In sum, following the enactment of the AEDPA, 510 days lapsed during which Thomas had no post-conviction proceedings pending for purposes of § 2244(d)(2). This period of time, well in excess of one year, must be counted. The court thus concludes that while the statutory tolling provision applies to certain portions of time since the enactment of the AEDPA, it does not render Thomas' habeas petition timely filed.

## C. Equitable Tolling

Additionally, the one-year period of limitation prescribed in § 2244(d) may be subject to equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Jones, 195 F.3d at 159; Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).* [HN10]The doctrine of equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she [*11] exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller, 145 F.3d at 618-19* (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely as-

serted his rights mistakenly in the wrong forum." *Jones, 195 F.3d at 159, quoting United States v. Midgley,* 142 F.3d 174, 179 (3d Cir. 1998).

In the instant case, Thomas argues that the AEDPA's one-year period of limitation is at odds with the three-year period allowed for filing a Rule 61 motion for post-conviction relief. He contends that because Delaware allows three years in which to file a Rule 61 motion, and petitioners are required to exhaust state remedies before filing habeas petitions in federal court, it is unfair to apply the AEDPA's one-year period of limitation, rather than Delaware's three-year period.

Although Thomas is correct that Delaware generally allows three years in which to file a Rule 61 motion, [*12] *see* Super. Ct. R. Crim. P., Rule 61(i)(1), the court is unimpressed by his equitable tolling argument. As explained above, the court has applied § 2244(d)(2)'s tolling provision to exclude the periods of time during which his two post-conviction proceedings were pending before the state courts. These periods of time do not count against Thomas. There is nothing unfair or inequitable in applying the AEDPA's one-year period of limitation to petitioners who wait more than a year before filing a habeas petition in federal court, even if the Delaware rule permits a longer period of time in which to file Rule 61 motions.

More important, Thomas has failed to articulate any extraordinary circumstances that prevented him from filing his habeas petition with this court in a timely manner. Indeed, he has failed to offer *any* explanation for the delay. He has not provided the court with any reason why, after the AEDPA was enacted, he waited until December 18, 1996, to file his first Rule 61 motion. He has not explained why, after his second Rule 61 proceedings were completed on November 24, 1997, he waited until August 10, 1998, to file his habeas petition with this court.

In short, the [*13] court cannot discern any extraordinary circumstances that warrant applying the doctrine of equitable tolling. Thomas' habeas petition will be dismissed as untimely.

### D. Motion for Appointment of Counsel

In a letter to the court dated April 16, 2000, Thomas inquired respecting appointment of counsel in this matter. The court construes this letter as a motion for appointment of counsel. [HN11]The Sixth Amendment right to counsel does not extend to habeas proceedings. *See Pennsylvania v. Finley,* 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987); *United States v. Roberson,* 194 F.3d 408, 415 n.5 (3d Cir. 1999). Additionally, the court has determined that Thomas' habeas petition will be dismissed as untimely. Accordingly,

Thomas' letter dated April 16, 2000, construed as a motion for appointment of counsel, will be denied as moot.

### III. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. [HN12]The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional [*14] right." 28 U.S.C. § 2253(c)(2).

[HN13]When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, Thomas' habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled to render the petition timely. The court is convinced that reasonable jurists would not debate otherwise. Thomas therefore cannot make a substantial showing of the denial of a constitutional right, and a certificate of appealability [*15] will not issue.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

> 1. Thomas' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.

> 2. Thomas' letter dated April 16, 2000, requesting appointment of counsel, is construed as a motion for appointment of counsel, and so construed, is DENIED as moot.

> 3. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

2001 U.S. Dist. LEXIS 19969, *

Dated: November 28, 2001                    UNITED STATES DISTRICT JUDGE

Gregory M. Sleet

LEXSEE



Analysis
As of: Nov 01, 2007

**DEVEARL L. BACON, Petitioner, v. THOMAS CARROLL, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, Respondents.** [1]

1  Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

**Civil Action No. 06-519-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2007 U.S. Dist. LEXIS 68877**

**September 17, 2007, Decided**

**PRIOR HISTORY:** Bacon v. Delaware, 127 S. Ct. 591, 166 L. Ed. 2d 439, 2006 U.S. LEXIS 8706 (U.S., 2006)

**CORE TERMS:** limitations period, equitable tolling, habeas petitions, appealability, time-barred, certificate, trial transcripts, direct appeal, period of limitations, ineffective, asserting, diligence, robbery, tolling, toll, liquor store, counts of possession, ineffective assistance, equitably tolled, expiration, debatable, sentence, prisoner, joinder, trigger, prison, jurists, attempted robbery, deadly weapon, conviction became final

**COUNSEL:** [*1] Devearl L. Bacon. Pro Se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

**JUDGES:** Joseph J. Farnan, Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph J. Farnan, Jr.

**OPINION**

*MEMORANDUM OPINION*

*September 17, 2007*

*Wilmington, Delaware*

**Farnan, District Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Devearl L. Bacon ("Petitioner"). (D.I. 2.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was indicted for numerous crimes stemming from three robberies (one seven-eleven store, a liquor store, and an automobile) and one attempted robbery of a liquor store. The State *nolle prossed* the charges related to one of the robberies. After a three day trial in June 2001, a Delaware Superior Court jury returned guilty verdicts on the charges related to the two remaining robberies, and verdicts of not guilty on the charges related to the attempted robbery. Petitioner was convicted of fourteen offenses, [*2] including five counts of first degree robbery, two counts of possession of a firearm during the commission of a felony, one count of first degree carjacking, two counts of possession of a deadly weapon by a person prohibited, two counts of aggravated menacing, and two counts of wearing a disguise during the commission of a felony. *See State v. Bacon,* 2005 Del. Super. LEXIS 343, 2005 WL 2303810,at *1 (Del. Super. Ct. Aug. 29, 2005). The Superior Court sentenced Petitioner to thirty-four years of

imprisonment followed by twelve years of probation. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *Bacon v. State,* 801 A.2d 10, 2002 WL 1472287 (Del. July 1, 2002).

In September 2004, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging six claims of ineffective assistance of counsel. The Superior Court denied the motion in August 2005, and the Delaware Supreme Court affirmed that decision in June 2006. *Bacon,* 2005 Del. Super. LEXIS 343, 2005 WL 2303810; *Bacon v. State,* 2006 Del. LEXIS 334, 2006 WL 1725589(Del. June 21, 2006).

In August 2006, Petitioner filed an application for federal habeas relief asserting six grounds for relief: (1) the trial court [*3] erred by permitting the joinder of three counts of possession of a deadly weapon by a person prohibited, and defense counsel was ineffective for failing to move for severance, to object to the joinder at trial, or to raise the issue on direct appeal; (2) the trial court erred by allowing charges relating to four separate locations to be tried together, and defense counsel was ineffective for failing to move for severance of the charges, to object to the joinder at trial, or to raise the issue on direct appeal; (3) defense counsel provided ineffective assistance by failing to object to the admission of prior bad acts evidence; (4) the in-court identification of Petitioner by one of the liquor store clerks violated Petitioner's right to a fair trial because there was no independent origin for the identification, and defense counsel was ineffective for failing to raise the issue on direct appeal; (5) counsel provided ineffective assistance by failing to object to an amendment to the indictment before trial; and (6) the prosecutor failed to disclose the videotape of Petitioner's statement to the police, and defense counsel failed to raise this issue at trial on or on direct appeal. (D.I. [*4] 3.) Respondents filed an Answer asserting that the Court should dismiss the Petition as untimely or, alternatively, because the claims fail to warrant relief under § 2254(d)(1). (D.I. 17.) Petitioner filed a Reply to the Answer, arguing that the Petition is not time-barred because he believed the Superior Court stayed the federal one-year limitations period in February 2003. (D.I. 25.)

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy,* 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from [*5] filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh,* 521 U.S. at 336. Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

In the instant case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on July 1, 2002, and Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Petitioner's conviction became final for the purposes of § 2244(d)(1) on September 30, 2002, [2] and he had until September 30, 2003 to file a timely habeas petition. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); [*6] *Wilson v. Beard,* 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Petitioner, however, did not file the Petition until August 16, 2006, [3] approximately three years after the AEDPA's statute of limitations expired in 2003. Thus, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

2    The ninety-day period to file a petition for a writ of certiorari actually expired on September 29, 2002, but because that day was a Sunday, Petitioner had until Monday, September 30, 2002, to file a petition for a writ of certiorari. *See* Sup. Ct. R. 30(1).

3    A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir. 1998). The Court adopts the date on the Petition, August 16, 2006, as the filing date, [*7] because presumably, Petitioner could not have presented the Petition to prison officials for mailing any earlier than that date. *See Woods v. Kearney,* 215 F. Supp. 2d 458, 460 (D. Del. 2002).

## B. Statutory Tolling

Statutory tolling of the one-year limitations period is authorized by Section 2244(d)(2) of the AEDPA, which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). In this case, the Court concludes that the statutory tolling principles are inapplicable. Petitioner's Rule 61 motion, filed on September 17, 2004, does not toll the limitations period because it was filed more than a year after the expiration of AEDPA's limitations period. *See Price v. Taylor,* 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). Additionally, contrary to Petitioner's argument, the combined motion for transcripts and for [*8] a stay of the AEDPA's one-year limitations period that he filed in the Superior Court on February 23, 2003 does not toll the limitations period under § 2244(d)(2) because the motion did not challenge the lawfulness of Petitioner's conviction or sentence. *Hartmann v. Carroll,* 492 F.3d 478, 2007 WL 1967172, (3d Cir. 2007). Therefore, unless the doctrine of equitable tolling applies, the Petition is time-barred.

## C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones,* 195 F.3d at 159 (3d Cir. 1999). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller v. New Jersey Dept. of Corrs.,* 145 F.3d 616, 618-19 (3d Cir. 1998); *Schlueter v. Varner,* 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following [*9] circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;

> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *see also Brinson v. Vaughn,* 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

In this case, Petitioner appears to argue that trial counsel impeded his ability to obtain trial transcripts, which, in turn, prevented him from filing the Petition in a timely manner. Alternatively, Petitioner contends that the Superior Court stayed the AEDPA's one-year limitations period, and therefore, this Court should honor that stay and equitably toll the limitations period. (D.I. 3, Appendix A.) For the following reasons, the Court concludes that neither of these arguments warrant equitable tolling.

The Third Circuit has held that an attorney's ineffective assistance may warrant equitable tolling, but only if the attorney's conduct is sufficiently egregious and the petitioner exercised reasonable diligence in pursuing his claims. [*10] *See Schlueter,* 384 F.3d at 77. Here, Petitioner's conclusory and unsupported statement regarding counsel's alleged failure to help him obtain the trial transcripts does not appear to constitute the type of "egregious behavior" or malfeasance necessary to trigger equitable tolling. Nevertheless, regardless of counsel's actions, the Superior Court provided Petitioner with copies of the trial transcripts in March 2003, when there were approximately 6 months remaining in the AEDPA's limitations period. (D.I. 3, Del. Super. Ct. Crim. Dkt. at Item 46; D.I. 3, at 13.) That six month period gave Petitioner

sufficient time to file a Rule 61 motion in the Superior Court which, in turn, would have statutorily tolled the AEDPA's limitations period under § 2244(d)(2). Petitioner, however, did not file his Rule 61 motion until September 2004, more than one year after he received the trial transcripts, and he does not assert any reason for that delay. Therefore, the Court concludes that the delay in receiving trial transcripts, even if somehow due to counsel's performance, does not trigger the equitable tolling doctrine because Petitioner did not exercise the requisite diligence in preserving his [*11] claims.

Additionally, Petitioner argues that the limitations should be equitably tolled because he believed the Superior Court granted his "Motion To Stay The One-Year Deadline Imposed By The Federal Habeas Corpus Act." (D.I. 25, at pp. 1-2, 5.) However, the Delaware Superior Court did not have jurisdiction to grant a motion to stay a federal limitations period governing a federal cause of action, and Petitioner's mistaken belief with respect to the Superior Court's authority does not warrant equitable tolling. *See* Del. Const. art. 4, §7 (jurisdiction of Superior Court); *LaCava v. Kyler,* 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); *Simpson v. Snyder,* 2002 U.S. Dist. LEXIS 9204, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Moreover, the Superior Court clearly construed Petitioner's motion for a stay as an extension of time to file a Rule 61 motion, and denied that request. There is no indication [*12] that any court or party actively misled Petitioner with incorrect information regarding the proper forum for filing a motion for a stay, and this situation is not akin to one where the petitioner "timely asserted his rights in the wrong forum." [4] Thus, the Court concludes that Petitioner's specious argument fails to warrant equitable tolling. Accordingly, the Court will dismiss the Petition as time-barred.

> [4] In February 2003, Petitioner had not yet filed a federal habeas petition, and he also had not yet exhausted state remedies. Therefore, even if Petitioner had filed a motion to stay the limitations period in this Court in February 2003, the request to stay the limitations period would have been premature.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or [*13] wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 2.)

An appropriate Order will be entered.

### *ORDER*

At Wilmington, this 17 day of September, 2007, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Petitioner Devearl L. Bacon's Application For A Writ Of Habeas Corpus [*14] Pursuant To 28 U.S.C. § 2254 (D.I. 2.) is *DISMISSED,* and the relief requested therein is *DENIED.*

2. The Court declines to issue a certificate of appealability, because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Joseph J. Farnan, Jr.

UNITED STATES DISTRICT JUDGE

LEXSEE


Analysis
As of: Nov 01, 2007

**WAYNE E. HUNT, # A1002167, Petitioner, vs. LANE BLAIR, Warden, et al., Respondents.**

**CIVIL NO. 07-00087 JMS-LEK**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII**

**2007 U.S. Dist. LEXIS 48833**

**July 3, 2007, Decided**
**July 5, 2007, Filed**

**PRIOR HISTORY:** Hunt v. State, 110 Haw. 472, 134 P.3d 638, 2006 Haw. App. LEXIS 232 (Haw. Ct. App., 2006)

**CORE TERMS:** equitable tolling, statute of limitations, federal habeas, post-conviction, tolling, law library, dyslexia, law clerks, extraordinary circumstance, admits, transferred, tolled, prison, limitation period, restitution, expired, attorney's failure, right to counsel, time-barred, impediment, disability, equitably, habeas corpus, assistance of counsel, collateral review, citation omitted, evidentiary hearing, mental illness, retroactively, state-created

**COUNSEL:** [*1] Wayne E. Hunt, Petitioner, Pro se, WATONGA, OK.

For Iwalani White, Director, Department of Public Safety, State of Hawaii, Lane Blair, Warden, Diamondback Correctional Facility, Respondents: Loren J. Thomas, LEAD ATTORNEY, Office of the Prosecuting Attorney, C & C of Honolulu, Honolulu, HI.

**JUDGES:** J. Michael Seabright, United States District Judge.

**OPINION BY:** J. Michael Seabright

**OPINION**

**ORDER DISMISSING PETITION AS TIME-BARRED**

On February 22, 2007, pro se Petitioner Wayne E. Hunt, a Hawaii prisoner incarcerated at Diamondback Correctional Facility ("DCF"), filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Respondent has filed a preliminary Answer to the Petition and Hunt has submitted his Reply. After consideration of the full record, this court DISMISSES the Petition with prejudice as time-barred.

**I. BACKGROUND**

On September 17, 1996, a jury of the Circuit Court of the First Circuit, State of Hawaii ("Circuit Court") found Hunt guilty of Attempted Murder in the Second Degree, in violation of Hawaii Revised Statutes §§ 705-500 (1993), 707-701.5 (1993), and 706-656 (1993). See Answer Ex. B. On December 5, 1996, the Circuit Court sentenced Hunt to a term of life imprisonment with the possibility of [*2] parole. Id.

On March 5, 1998, in S.C. No. 20360, the Hawaii Supreme Court affirmed Hunt's conviction by Summary Disposition Order. [1] Id. Ex. G. Notice of judgment on appeal was entered on April 6, 1998. Id. Ex. H. The record does not reflect whether Hunt filed an application for certiorari with the United States Supreme Court.

> 1 In the body of the Petition, Hunt states that the Hawaii Intermediate Court of Appeals ("ICA") affirmed his conviction on September 11, 1997, and that he did not seek discretionary review of this decision with the Hawaii Supreme Court. Pet. 2 P 9. This is contradicted, however, by the ICA's

May 24, 2006 Summary Disposition Order, denying Hunt's post-conviction petition, which is attached to the Petition, as well as the publicly available records of Hunt's conviction. *See State v. Hunt,* 953 P.2d 958 (Haw. 1998) (unpub.) (entered March 5, 1998, "Affirmed.").

Hunt filed a "Motion to Correct Illegal Sentence Pertaining to the Restitution Order," ("Rule 35 Motion") which was granted on November 15, 1999. [2] *See* Reply P 11; Answer, Ex. I, exhibit to "Petition to Vacate, Set Aside or Correct Judgement or to Release Petitioner from Custody," at 7. The Hawaii Supreme Court [*3] set aside Hunt's order of restitution; in all other respects, however, the original sentence remained in effect. *See id.*

> 2   It is unclear when Hunt, or his attorney, filed this motion. The record reflects a "Motion for Reconsideration of Sentence" was filed on March 3, 1997, presumably pursuant to Rule 35 of the Hawaii Rules of Penal Procedure ("HRPP"), during the pendency of Hunt's appeal. *See* Answer, Ex. U, 15. In his Petition, however, Hunt says that he filed a "Rule 35/Order to Vacate Restitution in the amount of $ 188,000" on August 10, 2004, that he claims was granted on November 15, 1999. Pet. 4 P 11. In his Reply, however, Hunt states that he *filed* this motion in 1999. Reply P 11. It appears that Hunt has confused the year that the motion was granted, with the year that he actually filed the motion, with the year that he filed his Rule 40 Petition.

Almost five years later, on August 10, 2004, Hunt filed a post-conviction petition, pursuant to HRPP 40 ("Rule 40 petition"). Answer, Ex. I. All claims raised in this petition concerned alleged trial errors. On November 18, 2004, the Circuit Court denied the Petition without a hearing, finding that Hunt's claims were waived pursuant [*4] to HRPP 40(a)(3), and were also patently frivolous and without a trace of support in the record or in the other evidence that Hunt submitted. Resps.' Ex. K.

On May 24, 2006, the ICA upheld the Circuit Court's decision, finding that Hunt's claims were procedurally defaulted pursuant to HRPP 40(a)(3), and that Hunt failed to demonstrate that his trial counsel's performance was deficient pursuant to *State v. Wakisaka,* 102 Haw. 504, 514, 78 P.3d 317, 327 (2003). Answer, Ex. P. On June 19, 2006, the ICA denied Hunt's motion for reconsideration of this decision. Resps.' Ex. Q. Notice of judgment on appeal was entered on June 29, 2006. *Id.* Ex. T. On July 10, 2006, the Hawaii Supreme Court denied Hunt's application for certiorari. *Id.* Exs. R & S.

Hunt filed the present Petition approximately eight months later, on February 22, 2007. Hunt raises four grounds for relief: (1) the trial judge's statements during motions in limine prejudiced the jury (Ground 1); (2) prosecutorial misconduct during closing argument (Ground 2); (3) the trial judge failed to instruct the jury as to the lesser included offense of Attempted Murder in the Second Degree (Ground 3); and (4) ineffective assistance of counsel [*5] (Ground 4). These are substantially the same claims that Hunt raised in his Rule 40 Petition.

## II. LEGAL STANDARD

Section 2244 provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review [*6] with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (2).

Under certain conditions the statute of limitations may also be equitably tolled. *Pace v. DiGuglielmo,* 544 U.S. 408, 418-19, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999). To qualify for equitable tolling, the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418.

### III. DISCUSSION

Under § 2244(d)(1), a one-year limitation period applies to applications for writs of habeas corpus, subject to certain tolling conditions. *See also* 28 U.S.C. § 2244(d)(2); *Duncan v. Walker,* 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (limiting statutory tolling under § 2244(d)(2) to state, not federal petitions); *Corjasso v. Ayers,* 278 F.3d 874, 877-79 (9th Cir. 2002) (holding that, on a showing of extraordinary circumstances, equitable tolling may apply to part or all of a federal petition); *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999).

Because Hunt did not file an application for certiorari with the United [*7] States Supreme Court after the Hawaii Supreme Court affirmed his conviction, his conviction was final ninety days later, or on June 3, 1998. *See Clay v. United States,* 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). The statute of limitation began to run the next day, and, barring statutory or equitable tolling, expired one year later, on June 3, 1999. Hunt appears to argue that he is entitled to both statutory and equitable tolling. The court addresses each argument below.

#### A. Statutory Tolling of the Limitations Period

Although this argument is not explicit, Hunt implies that, because the State has transferred him from prison to prison several times in the past seven years, there has been a state-created impediment to his filing a federal petition under 28 U.S.C. § 2244(d)(1)(B). *See* Reply 3. The court does not agree.

Hunt was transferred to Minnesota in October 1998, approximately six months after the Hawaii Supreme Court affirmed his conviction on direct appeal. Hunt states that he remained at this facility for two years, although he was without a law library or inmate law clerks for about one year of that time. He says that, after the law library opened, he "successfully filed his Post Conviction Relief [*8] on his Restitution." Reply P 11. As noted above, this motion was granted on November 15, 1999.

Even accepting Hunt's argument, the statute could be tolled no more than from June 3, 1998, the date that Hunt's conviction was final and the statute should have begun to run, until November 15, 1999, the date his Rule 35 Motion was granted. [3] *See* 28 U.S.C. § 2244(d)(2). Under this scenario, the statute began to run on November 16, 1999, and again barring statutory or equitable tolling, would have expired on November 15, 2000. Hunt admits that he had access to a law library and to law clerks after one year in Minnesota, or by November 1999.

> 3    There is no indication whether Hunt sought certiorari from the Supreme Court after this decision, although this is unlikely since the motion was granted. In any event, Hunt is not entitled to tolling of the statute during the pendency of a petition for certiorari after the denial of a state post-conviction petition. *Lawrence v. Florida,* ___ U.S. ___, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007) ("Read naturally, the text of the statute must mean that the statute of limitations is tolled only while state courts review the application.")

Hunt was then transferred to Watonga, [*9] Oklahoma in 2001. He admits that there was a law library and law clerks available to him there, but states that "it took time for Petitioner to acclimatize to this facility's programs, education, and employment." Reply P 12. It apparently took him two years to acclimate, as he admits that he only began researching his claims for further post-conviction relief in 2003. He then filed his Rule 40 Petition in August 2004.

This time frame cannot support a finding that there was any state-created impediment after, at the latest, November 1999, when Hunt admits he had access to a law library and law clerks in Minnesota. Although Hunt remained in Minnesota after November 1999 with full access to a law library and law clerks, he fails to explain how the state impeded his ability to file a federal habeas petition after that date. Nor can Hunt's transfer to Oklahoma satisfy this inquiry because Hunt admits that, once transferred there in 2001, he again had access to both a law library and law clerks, and, in 2004, was able to file the Rule 40 Petition.

Further, an assertion that the statute of limitations was delayed by a state-created impediment requires a

showing of a due process violation. *Lott v. Mueller,* 304 F.3d 918, 925 (9th Cir. 2002). [*10] Hunt neither argues there was any kind of due process violation, nor does the record support such a claim. Hunt is therefore not entitled to statutory tolling after November 15, 1999, under § 2244(d)(1)(A) or (B), despite his transfers out-of-state and his temporary lack of access to the law library in Minnesota.

Nor does Hunt assert a newly recognized constitutional right that is retroactively applicable to cases on collateral review, entitling him to tolling under § 2244(d)(1)(C). Likewise, Hunt fails to present evidence or argue that he has newly discovered evidence supporting statutory tolling of this habeas petition under § 2244(d)(1)(D). Hunt is, therefore, not entitled to statutory tolling of the limitation period.

## B. Equitable Tolling

"[T]he threshold necessary to trigger equitable tolling under [the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")], is very high, lest the exceptions swallow the rule." *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being [*11] forced to hear stale claims." *Guillory v. Roe,* 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); *accord Lott v. Mueller,* 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[] on an examination of detailed facts"). Additionally, "[t]he prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted); *Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir. 2006).

"As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rulings." *Spitsyn,* 345 F.3d at 801 (*quoting Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999)). Accordingly, "[a] habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good faith *allegation that would, if true,* entitle him to equitable tolling.'" *Roy,* 465 F.3d at 969 (*quoting Laws v. LaMarque,* 351 F.3d 919, 919 (9th Cir. 2003) (emphasis in original)).

Hunt [*12] argues that he is entitled to equitable tolling of the statute, based on his attorney's failure to promptly notify him that his appeal was concluded, and

apparently, on his claim that he has had dyslexia since he was a child. *See* Reply P 13.

## 1. Attorney Mistake or Negligence

An attorney's mistake or negligence will not necessarily support equitable tolling of the AEDPA's statute of limitations. *Lawrence v. Florida,* ___ U.S. ___, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007); *Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir. 2002). Only when "an attorney's misconduct is 'sufficiently egregious,' [will it] constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." *Spitsyn v. Moore,* 345 F.3d 796, 800 (9th Cir. 2003) (*quoting Ford v. Hubbard,* 330 F.3d 1086, 1106 (9th Cir. 2003), *overruled on other grounds, Pliler v. Ford,* 542 U.S. 225, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004)).

Hunt claims that he did not receive immediate notice from his appellate counsel that his conviction had been affirmed. Hunt says that his attorney's March 18, 1998 letter informing him that his appeal was concluded, along with the relevant state court documents was sent to his mother and not directly to him at Halawa [*13] Correctional Facility ("Halawa"), where he was then incarcerated. Hunt believes this is significant evidence of his attorney's failure to "perform his legal duties as Petitioner's legal counsel and in accordance to law." Reply P 6. Hunt says that he only received the letter and other documents after he complained to his mother about his attorney's failure to notify him, and she forwarded them to him. Hunt concedes, however, that his attorney sent him another letter approximately three months later, dated June 29, 1998, acknowledging Hunt's request for information and apparent failure to receive the earlier letter, and informing him in detail about the status of his case. [4] *See* Reply Ex. C. Hunt provides a copy of this letter with his Reply.

> 4   In this letter, Hunt's attorney informed him that his conviction had been affirmed, that he may seek review of this decision from the United States Supreme Court, although his chances of being granted certiorari were remote, that he could also file a post-conviction petition in the circuit court, and that, now that the appeal was concluded, he was no longer representing Hunt. Reply Ex. C. Hunt's attorney also implied that he did, in fact, send the [*14] first letter directly to Hunt, but that, perhaps, Hunt "did not understand it or just did not like its contents." *Id.*

First, Hunt's attorney's alleged failure to send the documents directly to Hunt at Halawa constitutes, at most, negligence. Such negligence is insufficient to warrant equitable tolling. *See Miranda,* 292 F.3d at 1068 (holding that an attorney's miscalculation of the statute of

limitations deadline, and other negligence in general, did not support equitable tolling of the statute); *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir. 2001) (same). This is particularly true here, where Hunt's attorney had also sent the material to Hunt's mother, who forwarded it to Hunt, and then wrote a second letter to Hunt approximately three months later. Under these circumstances, where Hunt's attorney promptly rectified his alleged negligence, and where Hunt still had almost a full year left to file either a federal habeas petition or a state post-conviction petition to toll the federal statute, the attorney's alleged misconduct was not sufficiently egregious to warrant equitable tolling.

Second, Hunt clearly admits that he was aware that his conviction had been affirmed: (1) when his mother [*15] forwarded the documents to him at Halawa; (2) when his attorney sent the second letter in June 1998; and (3) no later than October 1998, when he was transferred to Minnesota. *See* Reply P 10 ("Shortly after receiving Baker's correspondence (Exhibit 'C'), Petitioner was re-located to Minnesota prison in 10/98."). Hunt therefore knew that his appeal was terminated and his conviction was final for approximately eight years before he filed the present Petition. Even if this court equitably tolled the statute between March 1998, when the Hawaii Supreme Court affirmed Hunt's conviction, and June 1998, when he finally received that information directly from his attorney, Hunt provides no explanation why he then waited almost nine *more* years before filing the present federal petition. Hunt fails to show that he diligently pursued his rights in the federal court once he knew that his conviction was affirmed. *See Pace,* 544 U.S. at 419.

### 2. Hunt's Ignorance of His Right to File a Federal Habeas Petition

Hunt also argues that the statute should be equitably tolled because, although his attorney informed him that he could seek certiorari with the United States Supreme Court and that he could file a [*16] state court post-conviction petition under Rule 40, he failed to tell Hunt that he could also file a federal habeas petition and that he must do so within one year of his conviction. *See* Reply P 7. This argument is unpersuasive.

Hunt has no legal right to counsel to file a federal habeas petition. "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Knaubert v. Goldsmith,* 791 F.2d 722, 728 (9th Cir. 1986). Where there is no constitutional right to counsel, there can be no constitutional claim for ineffective assistance of counsel. *See Coleman v. Thompson,* 501 U.S. 722, 757, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). It follows from this, that there is no constitutionally deficient assistance of counsel

for Hunt's attorney's failure to inform him, at the conclusion of direct appeal, that he may file a federal habeas petition and that he must do so within one year. *See Bonin v. Calderon,* 77 F.3d 1155, 1159-60 (9th Cir. 1996) (claim of ineffective assistance of counsel in state habeas proceedings does not present violation of Sixth Amendment right to counsel or Fourteenth Amendment right to due process where no constitutional right to [*17] counsel in such proceedings).

Moreover, Hunt alleges no facts from which it can be inferred that his attorney agreed to assist him with preparing and/or filing either a state post-conviction challenge or federal habeas corpus petition. *Cf. Spitsyn,* 345 F.3d at 800-01 (equitable tolling appropriate where attorney was retained to file and prepare petition, failed to do so, and disregarded requests to return files pertaining to petitioner's case until well after the date the petition was due). In fact, Hunt's attorney explicitly told Hunt that his representation ended with the final state court appellate disposition of Hunt's case and that he was unable to represent him in any other capacity due to prior commitments and Hunt's expressed desire that he withdraw from representing him. Reply Ex. C.

While it may be sound practice for a state appellate attorney to advise his clients about the existence of the statute of limitations in § 2244(d), Hunt cites no authority, and this court is unaware of any, that imposes a duty on appellate counsel, particularly when that appointment is terminated, to do so. As discussed above, equitable tolling is simply not available where an untimely filing allegedly [*18] was caused by poor legal advice. For these reasons, Hunt is not entitled to equitable tolling of the statute of limitations because his attorney failed to inform him that he may file a federal habeas petition and the time limits governing such a filing.

Nor does Hunt's own ignorance of his right to file a federal habeas petition, and of the statute of limitations governing such petitions, constitute an extraordinary circumstance warranting equitable tolling. *Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006).

Additionally, the fact that Hunt finally filed a Rule 40 Petition in 2004, which Hunt suggests should toll the statute, is unavailing to Hunt. When, as here, a state post-conviction petition is filed *after* the statute of limitation has expired, the statute of limitation is not retroactively tolled. *See Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001) (stating that state post-conviction relief action, filed after the statute of limitations had expired, "did not cause the statute

[*19] to begin running anew when the state court denied the motion.").

Hunt's attorney's alleged three-month failure to notify him that his conviction was affirmed and that his appeal was concluded does not provide the extraordinary circumstances necessary for equitable tolling of the statute for the entire period here. Further, in this case, with this record, it is clear that an evidentiary hearing is not warranted on this issue.

### 3. Hunt's Alleged Dyslexia

Hunt also alleges, without evidentiary support, that he has been dyslexic since he was a child, and that this disability should equitably toll the statute of limitations for him. This argument is equally unpersuasive.

First, although no circuit court of appeals has entered a published opinion on this issue, several courts have concluded that dyslexia is not an "extraordinary circumstance" preventing a prisoner from timely pursuing a federal habeas petition. See *Springer v. Benik,* 2004 U.S. Dist. LEXIS 5930, 2004 WL 759563 *3 (W.D. Wis. 2004), aff'd., 134 Fed. Appx. 961, 963 (7th Cir. 2005); *Pogue v. Crosby,* 2006 U.S. Dist. LEXIS 5213, 2006 WL 213866 *3 (M.D. Fla. 2006); *Hamilton v. Benik,* 2004 U.S. Dist. LEXIS 10270, 2004 WL 1246054, *3 (W.D. Wis. 2004) ("Although petitioner points out that he is impaired by dyslexia, a learning [*20] disability and a lack of legal knowledge and has had to rely on the help of other inmates to pursue his claims, none of those allegations is sufficient to warrant equitable tolling."). This court agrees with those holdings.

Second, if Hunt is attempting to equate his alleged dyslexia with a mental impairment, he also fails. Even presuming that dyslexia constitutes a mental illness, rather than or in addition to a learning disability, Hunt fails to make the necessary showing that this alleged condition rendered him incapable of filing a federal habeas petition before the statute expired. *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir. 1996); *Springer,* 2004 U.S. Dist. LEXIS 5930, 2004 WL 759563 *3 (holding that, to be entitled to equitable tolling for a mental illness or disability, a petitioner must show that he was incapable of preparing and filing a federal habeas petition or post-conviction motion any earlier than he did); *Ross v. Hickman,* 2001 U.S. Dist. LEXIS 12459, 2001 WL 940911 (N.D. Cal. 2001) (same). There is no evidence before the court showing that Hunt was incapacitated by any mental illness such that he was incapable of bringing a timely federal petition.

Third, and most importantly, Hunt states in his Reply that once the law library [*21] opened in Minnesota, he "successfully filed his Post Conviction Relief on his Restitution." Reply 3 P 11. While it is unclear whether Hunt had help from a prison law clerk, he still fails to explain why he could file this pleading yet was unable to file a timely federal habeas petition. Hunt admits that he had access to prison law clerks once he transferred to Oklahoma in 2001. Again, he doesn't explain why he was unable to file a federal petition with their help, or how his dyslexia prevented him from doing so, other than claiming that "it took time for [him] to acclimatize" to the new prison. Reply 3 P 12. Moreover, Hunt does not explain how he was able to file his Rule 40 Petition in 2004, and the present Petition in 2007, again, despite his dyslexia.

Fourth, it is the Petitioner's burden to prove that he is entitled to equitable tolling because "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418. Other than his own self-serving statement that he suffers from dyslexia, and that his mother can verify this, Hunt has provided nothing to support this claim. Hunt is not entitled to either an evidentiary hearing on this claim, nor equitable tolling of the statute [*22] based on this claim.

### IV. CONCLUSION

This court finds that the Petition is time-barred, and that Hunt is not entitled to equitable tolling of the statute. Accordingly, the Petition is DISMISSED with prejudice as time-barred.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 3, 2007.

/s/ J. Michael Seabright

United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2007, I electronically filed the attached documents with the Clerk of Court using CM/ECF. I also hereby certify that on November 1, 2007, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

> Recardo Weatherspoon
> No. 190626
> 1181 Paddock Road
> Delaware Correctional Center
> Smyrna, DE 19977

Kevin M. Carroll
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4836
Kevin.Carroll@state.de.us

Date: November 1, 2007