IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RECARDO WEATHERSPOON,            :
                                 :
        Petitioner,              :
                                 :
v.                               :   Civil Action No. 07-495-JJF
                                 :
PERRY PHELPS, Warden, and        :
JOSEPH R. BIDEN, III,            :
Attorney General of the State    :
of Delaware,                     :
                                 :
        Respondents.[1]          :

---

Recardo Weatherspoon.  Pro Se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

---

**MEMORANDUM OPINION**[2]

September 30, 2008
Wilmington, Delaware

---

[1] Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case.  See Fed. R. Civ. P. 25(d)(1).

[2] This case was originally assigned to the Vacant Judgeship, and was re-assigned to this Court on February 1, 2008.

*Joseph J. Farnan Jr.*
Farnan, District Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Recardo Weatherspoon("Petitioner"). (D.I. 2.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244.

I. **BACKGROUND**

On June 14, 2000, Petitioner pled guilty to one count of possession with intent to deliver cocaine and two counts of second degree conspiracy. The Superior Court sentenced him as an habitual offender to thirteen years at Level V imprisonment for the drug conviction and to two years at Level V imprisonment, suspended for two years at Level III, for each of the conspiracy convictions. See Weatherspoon v. State, 844 A.2d 991 (Table), 2004 WL 542163 (Del. Mar. 15, 2004). Petitioner did not appeal his convictions or sentences.

On June 23, 2000, Petitioner filed a pro se motion for reduction of sentence. Id. The Superior Court denied the motion on August 3, 2000, and Petitioner did not appeal that decision.

Thereafter, starting in March 2002, Petitioner filed several applications for post-conviction review pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motions") and several Rule 35 motions for reduction or modification of sentence

1

pursuant to Delaware Superior Court Criminal Rule 35 ("Rule 35 motions"). The Superior Court denied all of the motions, and the Delaware Supreme Court affirmed those decisions.[3] See generally (D.I. 19; D.I. 20.)

Petitioner filed the instant application for federal habeas relief in August 2007, asserting four claims for relief: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) trial court error for failing to grant Petitioner's motion to dismiss his counsel; and (4) improper sentencing as an habitual offender. (D.I. 2.) Respondents filed an Answer requesting the Court dismiss the Petition as untimely. (D.I. 13.) Petitioner filed a Traverse asking the Court to equitably toll the AEDPA's

---

[3]Petitioner filed his first Rule 61 motion on March 5, 2002, which he ultimately withdrew on May 17, 2002. Petitioner filed a second Rule 61 motion on August 13, 2002, the Superior Court denied that motion in September 2002, and the Delaware Supreme Court affirmed the Superior Court's judgment. Weatherspoon v. State, 818 A.2d 971 (Table), 2003 WL 723992 (Del. Feb. 28, 2003). Thereafter, Petitioner filed a third Rule 61 motion in December 2006, which the Superior Court denied on January 26, 2007. The Delaware Supreme Court affirmed the Superior Court's decision on July 20,2007. Weatherspoon v. State, 931 A.2d 438 (Table), 2007 WL 2077551 (Del. July 20,2007)

As for his Rule 35 motions, Petitioner filed a motion for modification of sentence pursuant to Delaware Superior Court Criminal Rule 35 on August 12, 2003. The Superior Court denied the Rule 35 motion on August 15, 2003, and the Delaware Supreme Court affirmed that decision on March 14, 2004. See Weatherspoon, 2004 WL 542163, at *2. Petitioner then filed a motion to correct his sentence under Rule 35(a) on May 15, 2006. The Superior Court denied the motion on May 31, 2006, and the Delaware Supreme Court affirmed that decision on October 17, 2006. See Weatherspoon v. State, 911 A.2d 804 (Table), 2006 WL 2923848 (Del. Oct. 17, 2006).

limitations period which would render the Petition timely filed. (D.I. 16.)

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition, dated August 8, 2007, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. Petitioner does not allege, nor can the Court

discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

In the instant case, the Delaware Superior Court sentenced Petitioner on June 14, 2000, and he did not file a direct appeal. Consequently, Petitioner's conviction became final for the purposes of § 2244(d)(1) on July 14, 2000, and applying the AEDPA's one-year period to that date, Petitioner had until July 14, 2001 to timely file his Petition. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999); Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Petitioner, however, did not file the Petition until August 8, 2007,[4] more than six years after the expiration of the AEDPA's statute of limitations. Accordingly, the Petition is time-barred, unless

---

[4] A pro se prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). The Court adopts the date on the Petition, August 8, 2007, as the filing date, because presumably, Petitioner could not have presented the Petition to prison officials for mailing any earlier than that date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002); Gholdson v. Snyder, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding is pending, including any post-conviction appeals, provided that the application for collateral review is filed prior to the expiration of the AEDPA's one-year period. See 28 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as the rules governing the location and time of filing, the forms used, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Lovasz v. Vaughn, 134 F. 3d 146, 148 (3d Cir. 1998).

In this case, the Court concludes that none of Petitioner's attempts to obtain post-conviction review in the Delaware state

courts trigger the tolling provision of § 2244(d)(2). For instance, Petitioner's first motion for reduction of sentence in June 2000 does not trigger statutory tolling under § 2244(d)(2) because the motion appears to have been filed pursuant to Rule 35(b).[5] See Hartmann v. Carroll, 492 F.3d 478, 483-84 (3d Cir. 2007)(Rule 35 motions seeking leniency do not trigger the statutory tolling provision of 2254(d)(2), whereas a Rule 35 motion challenging the lawfulness of the petitioner's sentencing may trigger statutory tolling). Petitioner's remaining Rule 61 motions and Rule 35 motions do not have any statutory tolling effect because they were filed after the expiration of the AEDPA's limitations period. Thus, the Petition is time-barred unless equitable tolling of the limitations period is warranted.

### C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice."

---

[5]Even if the June 2000 motion for reduction of sentence challenged the lawfulness of Petitioner's sentence, any tolling effectuated by the motion would not render the Petition timely filed. For instance, the motion would toll the limitations period from June 23, 2000 through September 5, 2000, the date on which the 30-day appeal period expired (including additional days under Federal Rule of Civil Procedure 6). The limitations period would have run without any interruption until it expired on September 5, 2001. Consequently, Petitioner's other Rule 61 motions and his Rule 35 motions still would have no statutory tolling effect because they were filed after the expiration of the AEDPA's limitations period.

Jones, 195 F.3d at 159 (3d Cir. 1999)(quoting Midgley, 142 F.3d at 179). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Petitioner alleges that his counsel's ineffective assistance should act to equitably toll the limitations period. Specifically, he asserts that counsel's ineffectiveness prevented him from raising claims on direct appeal, and that counsel failed to give him any advice about the AEDPA's limitations period. (D.I. 16.) These cursory and unsupported allegations regarding counsel's nonfeasance, however, fail to demonstrate that

7

counsel's conduct was sufficiently egregious to trigger the equitable tolling doctrine. See Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004)(holding that an attorney's ineffective assistance may warrant equitable tolling, but only if the attorney's conduct is sufficiently egregious and the petitioner exercised reasonable diligence in pursuing his claims.); Bacon v. Carroll, 2007 WL 2727168, at *3 (D. Del. Sept. 17, 2007).

To the extent Petitioner made a mistake in computing the limitations period, that mistake also does not warrant equitably tolling the limitations period. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). And finally, the Court concurs with Respondent's contention that Petitioner has failed to demonstrate that he exercised the requisite diligence necessary to trigger the equitable tolling doctrine. See (D.I. 13, at p. 7 and n.5.) Accordingly, the Court will dismiss the Petition as time-barred.

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254

petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 1.)

9

An appropriate Order will be entered.

10